1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  JOHN FREDERICK WHEELER,        )  Case No. 1:12-CV-00260-LJO-JLT
                                   )
12          Plaintiff,             )  FINDINGS AND RECOMMENDATIONS TO
                                   )  DENY PLAINTIFF'S MOTION TO PROCEED
13     v.                          )  IN FORMA PAUPERIS AND DISMISS THE
                                   )  COMPLAINT WITHOUT LEAVE TO AMEND
14                                 )
    HOWARD SILVER CHAIR, et al.,   )  (Docs. 1-2)
15                                 )
            Defendants.            )
16  _____)

17          John Frederick Wheeler ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an

18  action for violations of his civil rights pursuant to 42 U.S.C. § 1983.  For the following reasons, the

19  Court recommends Plaintiff's motion to proceed *in forma pauperis*  be **DENIED** and the complaint

20  **DISMISSED** without leave to amend.

21  **I.      MOTION TO PROCEED IN FORMA PAUPERIS**

22          As a general rule, all parties instituting any civil action, suit or proceeding in a United States

23  District Court must pay a filing fee.   28 U.S.C. § 1914(a).  However, the Court may authorize the

24  commencement of an action "without prepayment of fees and costs of security therefor, by a person

25  who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."   28

26  U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only

27  if leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169

28  F.3d 1178, 1177 (9th Cir. 1999).

1

1        The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of

2   privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to

3   due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*,

4   314 F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a

5   motion to proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at*

6   *600-01*.  In making a determination, the court "must be careful to avoid construing the statute so

7   narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially

8   meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850

9   (D.R.I. 1984).

10        Here, the Court recommends Plaintiff's application to proceed be denied because, as

11   discussed below, the complaint fails to state a meritorious claim upon which relief may be granted.[1]

12   *See* 28 U.S.C.§ 1915(e)(2).

13   **II.       SCREENING REQUIREMENT**

14        When an individual seeks to proceed *in forma pauperis*, the Court is required to review the

15   complaint and identify "cognizable claims."  *See* 28 U.S.C § 1915(a)-(b).  The Court must dismiss a

16   complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon

17   which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from

18   such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts

19   alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially

20   noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

21   ///

22

---

23       [1] Previously, Plaintiff has filed a number non-meritorious lawsuits in this district.  *See, e.g., Wheeler v. Payless*

24   *Towing*, No. 1:09-cv-1829-LJO-SMS, 2010 U.S. Dist. LEXIS 1684 (E.D. Cal. Jan. 11, 2010) (dismissed for failure to state
a claim); *Wheeler v. Healthy Smiles*, No. 1:09-cv-1772-OWW-SKO, 2010 U.S. Dist. LEXIS 125232 (dismissed with
prejudice for failure to state a claim upon which relief could be granted and failure to obey the court's order); *Wheeler v.*

25   *United States,* No. 1:11-cv-1045-LJO-JLT, 2011 U.S. Dist. LEXIS 85366 (E.D. Cal. Aug. 3, 2011) (dismissed with prejudice
for lack of jurisdiction); *Wheeler v. Bakersfield City*, No. 1:11-cv-1832-LJO-JLT, 2011 U.S. Dist. LEXIS 141203 (E.D. Cal.

26   Dec. 8, 2011) (dismissed with prejudice as barred by the doctrine of res judicata); *Wheeler v. Bank of America*, No. 1:11-cv-
1270-LJO-JLT, 2012 U.S. Dist. LEXIS 8522 (E.D. Cal. Jan. 25, 2012) (dismissed with prejudice for failure to state a claim).

27   **Consequently, Plaintiff has been warned– and is here warned again– that repeated filing of cases lacking merit may
result in the Court ordering Plaintiff to show cause why he should not be declared a vexatious litigant and pre-filing**

28   **restrictions be imposed**.  *See De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990).

### III.   PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949.  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

3

IV.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff, who is white, started to feel very chilled on a local bus ride he took on November 7, 2011.  (Doc. 1 at 3).  According to Plaintiff, he asked the driver, an African American woman, to turn off the air conditioner, but she refused to do so.  *Id.*  Then, Plaintiff requested that the driver turn on the heater, but "she said it did not work."  *Id.*  Plaintiff alleges he called the bus dispatch on his cell phone and lodged a complaint.  *Id.*  Plaintiff contends the bus driver "gave plaintiff a funny kined (sic) of look," and called someone, who Plaintiff assumes was the dispatch.  (Doc. 1 at 3). Plaintiff alleges that the driver "smiled at plaintiff like the cat who swallowed the canarry, and steal would []not turn off the air [] conditioner" (sic).  *Id.*  "Plaintiff submits that because he is white and the aforsaid driver is afrecan amercan that she discriminated against him (sic)."  *Id*. at 8.

Specifically, Plaintiff alleges racial discrimination under 42 U.S.C. §§ 1981, 1983 and discrimination in public accommodations under 42 U.S.C. §§ 2000a *et seq*.  (Doc. 1 at 5).

V.   **DISCUSSION AND ANALYSIS**

A.   **Racial discrimination in violation of 42 U.S.C. § 1981**

Under Section 1981, all persons "shall have the same right . . . to make and enforce contracts."  42 U.S.C. § 1981.  Therefore, to prevail on a Section 1981 claim, a plaintiff must show (1) intent to discriminate based on race and (2) this discrimination interfered with the making and enforcing of contracts.  *See Imagineering, Inc v. Kiewit Pacific Co.*, , 976 F.2d 1301, 1313 (9th Cir. 1992) ("Proof of intent to discriminate is necessary to establish a violation of section 1981.").  Here, Plaintiff has not met his burden to "at least allege facts that would support an inference that defendants intentionally and purposefully discriminated against [him]." *See id.*  In addition, Plaintiff has not alleged facts such that an act of discrimination interfered with the making or enforcement of a contract.  Consequently, the Court recommends Plaintiff's claim for racial discrimination under Section 1981 be dismissed.

B.   **Ration discrimination under 42 U.S.C. § 1983**

Section 1983 is "a method for vindicating federal rights elsewhere conferred" and does not provide substantive rights.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  In pertinent part, Section 1983 states:

1
2
3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

4   42 U.S.C. § 1983.  To plead a Section 1983 violation, a plaintiff must allege facts from which it may

5   be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged

6   violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*,

7   529 F.2d 668, 670 (9th Cir. 1976).

8          Here, Plaintiff has identified as the owner of the bus company and the bus company itself as

9   defendants.  However, as a general rule, private parties do not act under the color of state law.  *See*

10  *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991).  Thus, a plaintiff pursuing a claim under

11  Section 1983 must show that a defendant's actions are attributable to the government, which requires

12  a showing of significant state involvement in the action in question.  *Franklin v. Fox*, 312 F.3d 423,

13  444-45 (9th Cir. 2002).

14         While Plaintiff contends the private defendants in this action "are persons . . . acting under

15  color of a statute, ordinance regulation, custom, or usage, of the state of California" (Doc. 1 at 6),

16  this conclusion is insufficient.  *See Price*, 939 F.2d at 707-08.  Other than merely asserting the

17  defendants acted under the color of state law, Plaintiff fails to present even the most basic factual

18  allegations supporting his assertion that the bus company and its owner are state actors.

19         In addition, Plaintiff does not allege any conduct *by the defendants* that violated federal, state,

20  or local laws.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976) (a plaintiff must allege a

21  specific injury was suffered, and show causal relationship between the defendant's conduct and the

22  injury suffered); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a

23  federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to

24  perform an act which he is legally required to do so that it causes the deprivation of which complaint

25  is made").  Finally, Plaintiff has not demonstrated the Court has jurisdiction under Section 1983 over

26  these private entities.  As a result, the Court recommends Plaintiff's Section 1983 claims for racial

27  discrimination be dismissed.

28  ///

**C.**  **Discrimination in public accommodations under 42 U.S.C. §§ 2000a, *et seq***

Title II of the Civil Rights Act of 1964 ("Title II"), set forth in 42 U.S.C. §§ 2000a, *et seq*, prohibits discrimination by state actors in places of public accommodation on the basis of race, color, religion, or national origin.  *See* 42 U.S.C. §§ 2000a-1, 2000a-2 (proscribing discrimination and segregation on the basis of "race, color, religion, or national origin" by state actors, and prohibiting deprivation of an individual's right not to be subjected to such discrimination).

As discussed above, the bus company and its owner are *private* actors, and Plaintiff has not shown the alleged discrimination was "carried on under color of any law, statute, ordinance, or regulation; or . . . under color of any custom or usage required or enforced by the officials of the State or political subdivision thereof."  *See* 42 U.S.C. §§ 2000a(d).  Further, Plaintiff presents no evidence that the defendants discriminated against him on a prohibited basis, or that Plaintiff falls into a protected class.  Therefore, the Court recommends Plaintiff's claim for a violation of Title II be dismissed.

**D.**  **Federal Rule of Civil Procedure 18(a)**

In addition to the alleged discrimination by the bus driver, Plaintiff complains that smoking is permitted at bus stops and transfer stations.  (Doc. 1 at 10).  Plaintiff asserts he has congestive heart failure, and the smoke causes him to have difficulty breathing.  *Id.*  According to Plaintiff, there are "no smoking" signs that are not enforced by security, which results in people smoking beyond the designated areas.  *Id.* at 12.

Under the Federal Rules of Civil Procedure, claims must be related, and be based on the same precipitating event, or a series of related events alleged against the same defendant.  *See* Fed.R.Civ.P. 18(a).  Plaintiff's claims for discrimination and public smoking are unrelated claims, and as such he is unable to proceed on this claim.  Nevertheless, Plaintiff does not allege a violation of his constitutional rights due to the smoking.

**VI.**  **FINDINGS AND RECOMMENDATIONS**

Plaintiff fails to demonstrate the defendants acted with a specific discriminatory intent, as required by 42 U.S.C. §§ 1981, 1983, and 2000a.  Rather, Plaintiff provides only the conclusion that the bus driver refused to turn off the air conditioning because he is white, and the driver is not.

Moreover, Plaintiff fails to demonstrate causal relationship between the defendant's conduct and the injury allegedly suffered. *See Johnson*, 588 F.2d at 743.

Based upon the facts set forth in the Complaint, it does not appear the deficiencies can be cured by amendment. Because leave to amend would be futile, Plaintiff should not be given leave to amend his complaint. *See Lopez*, 203 F.3d at 1130. (requiring leave to be granted to the extent deficiencies can be cured by amendment).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1.      Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and

2.      Plaintiff's complaint be **DISMISSED** without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 12, 2012**                                         _____/s/ Jennifer L. Thurston_____
                                                                                   UNITED STATES MAGISTRATE JUDGE